**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald R. MECHAM, Defendant-
Appellant.**

**No. 475–69.**

United States Court of Appeals,
Tenth Circuit.

March 5, 1970.

Joseph H. Mercer, Albuquerque, N. M.,
for appellant.

Ronald A. Ginsberg, Asst. U. S. Atty.,
Albuquerque, N. M. (Victor R. Ortega,
U. S. Atty., and John A. Babington, Asst.
U. S. Atty., Albuquerque, N. M., on the
brief), for appellee.

Before MURRAH, Chief Judge, and
HILL and HICKEY, Circuit Judges.

PER CURIAM.

Ronald Mecham appeals from a jury conviction and sentence for a Dyer Act offense, 18 U.S.C. § 2312. The indictment charged that on or about March 26, 1969, Mecham, together with one Steven Osborne, transported a 1968 Dodge automobile from Nashville, Tennessee, to Tucumcari, New Mexico, knowing it to be stolen. Osborne pleaded guilty and was sentenced prior to the trial of his co-defendant. The sole issue on this appeal is the sufficiency of the evidence to support the finding of the jury, inherent in its verdict, that Mecham knew the car transported was stolen.

■■■ In reviewing evidence to determine its sufficiency to support a verdict, we must view it in the light most favorabe to the prosecution. Lewis v. United States, 420 F.2d 1089 (10th Cir. 1970); United States v. Eagleston, 417 F.2d 11 (10th Cir. 1969); Mason v. United States, 408 F.2d 903 (10th Cir. 1969). The issue of criminal intent or guilty knowledge is usually a question of fact for the jury to determine, for it is seldom susceptible of proof by direct evidence. Van Nattan v. United States, 357 F.2d 161 (10th Cir. 1966); Cummings v. United States, 289 F.2d 904 (10th Cir. 1961), cert. denied, 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48.

Osborne testified that in March, 1969, he and Mecham were in the United States Army, stationed at Ft. Eustis, Virginia. Both went AWOL about one week prior to the instant offense. Osborne stated that he stole the car in question in Nashville, Tennessee, on the morning of March 26, 1969, and that he then picked up Mecham, and headed west that day. East of Memphis, Tennessee, they picked up two hitchhikers, both also AWOL from the army. The following day, March 27, the car was stopped by a police officer in Tucumcari, New Mexico, where all four occupants were found to be AWOL, and the car determined to be stolen.

During a stop at Memphis, Osborne told one of the hitchhikers that the car was stolen, and he believed that the other

knew it also. But he was certain that Mecham was unaware of the theft; that since he owned a 1968 Dodge, Mecham had no reason to believe that the car was not his.

Osborne was squarely contradicted on this issue by John Sweeney, a special agent for the FBI. He testified that after interviewing Osborne, and while escorting him back to the jail in Tucumcari, Osborne told him that of the others in the car, only Mecham knew the car had been stolen, and that the hitchhikers were innocent of that fact. Sweeney interviewed the two, and both disclaimed any knowledge that the car was stolen.

The jury heard and observed both Osborne and agent Sweeney, and had ample opportunity to judge their demeanor and candor. It is implicit in their verdict that they chose to believe the agent Sweeney, and to disbelieve Osborne's direct testimony on this issue. We cannot gainsay that determination on the record before us.

Affirmed.