**UNITED STATES of America,**
**Appellee,**

**v.**

**Claude LaVern ENGLE, Appellant.**

**No. 528–69.**

United States Court of Appeals,
Tenth Circuit.

Aug. 26, 1970.

James W. Wilson, Denver, Colo., for appellant.

Hubert H. Bryant, Asst. U. S. Atty. (Nathan G. Graham, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., were with him on the brief), for appellee.

Before LEWIS, Chief Judge, JOHN R. BROWN, Chief Judge,* and SETH, Circuit Judge.

PER CURIAM.

■ Appellant was convicted on each of four counts of an indictment charging violations of the Dyer Act, 18 U.S.C. § 2312, in the unlawful interstate transportation of stolen tractors. He appeals, challenging the sufficiency of the evidence to support the judgments and particularly contending that the evidence fails to show the commission of a federal offense and, being in part circumstantial in nature, is not of sufficient quality to be inconsistent with every reasonable hypothesis other than guilt. This latter contention is not in accord with the law of this circuit and thus is without merit. Bailey v. United States, 10 Cir., 410 F.2d 1209, 1216; Thomas v. United States, 10 Cir., 409 F.2d 730, 731 and cases cited.

■ Pointing to evidence in the record that the subject vehicles, after their theft and transportation interstate, were placed by appellant on his garage lot and subsequently sold by him, appellant asserts that the property came to rest and consequently was no longer in interstate commerce and within the purview of the charges contained in the indictment. The argument is completely without merit and appellant's reliance on Cox v. United States, 8 Cir., 96 F.2d 41, is misplaced. The cited case is pertinent only to a charge of unlawful sale or receipt of stolen vehicles, 18 U.S.C. § 2313, a crime not charged in the case at bar.

The evidence is undisputed or clear that the subject tractors were stolen in a state other than Oklahoma, transported to Oklahoma, and in appellant's possession under circumstances showing both appellant's participation in the transportation and knowledge of their theft. Such evidence fully supports the judgments.

Affirmed.

* Of the Fifth Circuit, sitting by designation.