**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leo SLAUGHTER, Defendant-Appellant.**

**No. 592–70.**

United States Court of Appeals,
Tenth Circuit.

June 9, 1971.

John E. Green, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for plaintiff-appellee.

Richard L. Hasley, Oklahoma City, Okl., for defendant-appellant.

Before SETH, McWILLIAMS, and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Leo Slaughter, an inmate at the federal reformatory in El Reno, Oklahoma, was charged in a one count indictment

with forcibly assaulting, resisting, opposing, impeding, intimidating and interfering with one Marshall Demerl Goodnight, a correctional officer of the Federal Bureau of Prisons at the El Reno reformatory, knowing Goodnight to be such an officer and while Goodnight was engaged in the performance of his official duties, all in violation of 18 U.S. C. §§ 111 and 1114. Upon trial Slaughter was convicted by a jury and thereafter he was sentenced to a three year term of imprisonment, such sentence to be consecutive to the sentence Slaughter was then serving. Slaughter now appeals. The only issue raised is the sufficiency of the evidence to sustain the conviction.

The incident which formed the basis for the present prosecution occurred when Goodnight and two other correctional officers tried to move Slaughter from his cell in Cell House B to a so-called "quiet cell" also situate in Cell House B. The officers proposed to thus move Slaughter because in their view of the matter he had intentionally overturned his food tray, spilling the contents on the floor. Slaughter indicated that he did so accidentally when he pushed the tray out of his cell because a foreign object was in his oatmeal.

It was in this setting that the officers determined to move Slaughter. The three officers variously testified that Slaughter, after being ordered to vacate the cell, "refused to move—made a stance with closed fists * * * struck Goodnight on the right temple with his clenched fist * * * was flailing with his fists * * * continued to kick and strike out * * *."

The foregoing is deemed a sufficient recital to demonstrate that there is evidence amply sufficient to support the verdict. True, there was evidence to the contrary, Slaughter himself testifying that he did not forcibly resist the command of officer Goodnight and that he was indeed prepared to go peaceably when without provocation he was assaulted by the three correctional officers, two of whom were armed with batons. But such evidence only posed a disputed issue of fact to be resolved by the trier of the facts, and the jury has now made its determination.

On appeal, then, our duty is to review the evidence in a light most favorable to the party prevailing in the trial court; i. e., in this case the government. United States v. Mecham, 422 F.2d 838 (10th Cir.). As indicated, the evidence viewed in such light does support the verdict.

Judgment affirmed.