UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard URSETTA and Stanley Lamirato,
Defendants-Appellants.

Nos. 644–70, 645–70.

United States Court of Appeals,
Tenth Circuit.

June 22, 1971.

———————

Lawrence M. Henry, Denver, Colo., for defendants-appellants.

James L. Treece, U. S. Atty., and Charles W. Johnson, Asst. U. S. Atty., Denver, Colo., for plaintiff-appellee.

Before BREITENSTEIN, ALDI-SERT * and BARRETT, Circuit Judges.

PER CURIAM.

Appellants Richard Ursetta and Stanley Lamirato were indicted, tried jointly to a jury and convicted on one of four counts in violation of 18 U.S.C. § 659 of having received and possessed certain merchandise of a value in excess of $100 transported in interstate commerce, knowing the same to have been embezzled or stolen.

At the time of oral arguments before this court, counsel for appellants abandoned all contentions save that challenging the admissibility of testimony given by co-defendant Donald Rossi. Rossi had previously entered a guilty plea to charges arising out of the same transactions. Appellants charge that Rossi testified falsely following a promise made to him by an agent for the FBI to the effect that his friend, Dominico, would not be prosecuted, and further that he (Rossi) would not be required to testify against Ursetta and Lamirato. Appellants contend that Rossi's testimony was "contaminated."

Notwithstanding appellants' abandonment of contentions going to the sufficiency and adequacy of the evidence required to sustain the convictions, we have reviewed the record and find that the evidence adduced, together with reasonable inferences drawn therefrom, are substantially in favor of the prosecution. United States v. Mecham, 422 F.2d 838 (10th Cir. 1970); Glazerman v. United States, 421 F.2d 547 (10th Cir. 1970), cert. denied 398 U.S. 928, 90 S.Ct. 1817,

* Of the Third Circuit, sitting by designation.

26 L.Ed.2d 90 (1970); Hughes v. United States, 320 F.2d 459 (10th Cir. 1963), cert. denied 375 U.S. 966, 84 S.Ct. 483, 11 L.Ed.2d 415 (1964).

Appellants cite no authorities in support of their contention that Rossi's testimony should have been stricken and disregarded in toto. Rossi testified that although no promises were made to him, certain things were said by F.B.I. agents leading him to believe that his friend, Dominico, would not be prosecuted.

Rossi had been granted probation and that was his status when he testified. He had not been granted immunity. On three occasions during trial, Rossi testified that prior to his plea no federal law enforcement officer made any promises to him. He acknowledged that he had lied to the F.B.I. agents concerning the transactions involving the stolen merchandise prior to his plea as a matter of "self-protection." Federal officials testified that they did not make any promises to Rossi to the effect that Dominico would not be prosecuted or that Rossi would receive a light sentence if he entered a guilty plea. The grant or denial of immunity to Rossi was not at issue in the case at bar. In Hale v. Henkel, 201 U.S. 43, 67, 26 S.Ct. 370, 376, 50 L.Ed. 652 (1906) the Court said:

"The interdiction of the Fifth Amendment operates only where a witness is asked to incriminate himself,—in other words, to give testimony which may possibly expose him to a criminal charge. But if the criminality has been taken away, the amendment ceases to apply."

Counsel for appellants stressed the alleged "contamination" of Rossi's testimony. Appellants requested that this court hold that immunity statutes violate fundamental rights of an accused. We note that the appellants' attorney did not object to Rossi's testimony during trial. After it was established that Rossi had discussed with the F.B.I. the fact that Dominico would not be prosecuted, no effort was made by the defense to strike Rossi's testimony, to obtain a cautionary instruction to the jury or to move for mistrial. This point has been raised for the first time on appeal. In passing, however, we note that perhaps more so today than ever before it is necessary for the detection and punishment of crime for the prosecution to resort to the criminals themselves for testimony with which to convict their confederates in crime. While it is true that such a course sometimes permits the more guilty to escape, it often leads to the punishment of guilty persons who would otherwise escape.

Appellants contend that without the Rossi testimony there remains "no scintilla of evidence upon which these defendants could have been found guilty." This contention is without merit. Approximately at the same time that Rossi was making false statements to the investigating officers—which he said were made in "self protection"—one Dan Tolidori heard a newscast relating to the stolen merchandise. His brother contacted the F.B.I. Consent was granted for search of a garage owned by Tolidori's grandmother in Denver. Tolidori testified that he made this garage available on a rental basis to appellant Stanley Lamirato, who had informed him that he wished to rent the garage to store some materials for a friend. Agent Fore of the F.B.I. testified that Tolidori was present when the garage was searched. Ninety-six cartons of stolen sweaters were recovered there. Fingerprints of both appellants were identified from some of the boxes.

We affirm.