**UNITED STATES of America, Appellee,**

v.

**Theodore Austin HARVEY, Jr., Appellant.**

**No. 617-70.**

United States Court of Appeals, Tenth Circuit.

July 16, 1971.

Rehearing Denied Aug. 18, 1971.

William H. Haring, Denver, Colo., for appellant.

Glen S. Kelly, Asst. U. S. Atty., (Robert J. Roth, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, Chief Judge and HOLLOWAY and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

Defendant-appellant was convicted of violating the Dyer Act, 18 U.S.C. § 2312, the unlawful interstate transportation of a stolen automobile knowing it to be stolen. He contends on appeal that the evidence was insufficient to support conviction and that the court erred in its instructions. The latter claim requires no independent consideration because the contention here admits the court's charge was in traditional and approved form and argument, in substance, is made only that the evidence does not reflect support for the instructions. The government's evidentiary case is somewhat novel and does warrant careful appellate consideration.

On March 30, 1968 a dark green 1966 Chevrolet Chevelle Super Sport was stolen from an automobile dealer's lot in Mission, Kansas by a man said to resemble defendant but not specifically identified to have been defendant. On December 30, 1968 the car was recovered in Kansas City, Missouri. At the time of recovery the car was gray in body color but had been completely stripped and

converted into a racer. The original body of the car now contained a different motor (also stolen), wheels, transmission and interior. The car was then in the possession of a race driver who had innocently purchased it from another race driver, one Harold Young. The government relies on this portion of the evidence to establish the commission of larceny and to further a chain of circumstantial evidence leading to proof of defendant's guilt of the offense charged.

On April 8, 1968 defendant was arrested in Kansas while in possession of a 1966 Chevelle car, gray in color with indications of a darker color underneath, and bearing California license plates. He produced a bill of sale for a 1966 Chevelle which apparently convinced the officer of his right to possession of the car but admitted that the California license plates were not issued to the car. He was arrested for this offense and sentenced to thirty days in jail. The car was released to defendant's parents and driven to their home in Kansas City, Missouri. Other evidence showed defendant had received a bill of sale for a 1966 Chevelle body which he had never removed from the seller's premises.

On May 10, 1968 a Missouri police officer located a gray 1966 Chevelle sport coupe on a parking lot in Kansas City, Missouri. Having some information that such a car might have been stolen the officer put the car under surveillance. Defendant was seen to enter the car and drive away. The officer gave chase but was outrun. The car bore Missouri plates not belonging to defendant. As a result of the chase, defendant was charged with four traffic offenses and was arrested on such charges a few days later.

On April 24, 1969 defendant was again arrested and, after due *Miranda* warnings, was interviewed by the Missouri officer who had chased him over a year before. He was asked (so the officer testified) what he had done with that gray Chevelle and answered, "that after the chase, he had taken the car to Jack Truelove's house and told Truelove

to get a torch and cut it up, burn it, because he never wanted to see it again, and he said Truelove didn't do that, instead he sold it to Harold Young."

Truelove testified reluctantly and with an obvious attitude of self-protection. His testimony, viewed in the aspect most favorable to the government, United States v. Mecham, 10 Cir., 422 F.2d 838, indicated that in July, 1968 during the nighttime, a 1966 Chevelle was placed in his home garage in Kansas City, Missouri. Truelove discovered the car in the morning, went to work, and when he returned in the evening the car had been completely stripped. The witness claimed to have no direct knowledge of who left the car in the garage or who stripped it. He stated that the car was green when "he first saw it" but it had been repainted several times. Truelove denied selling the stripped car but admitted that Harold Young hauled it away and that some time later defendant told him he had outrun the police in the car and that the car was stolen.

Young testified he bought a stripped-down gray Chevelle body and frame from Truelove, built it into a racer, raced it for some seven months and sold it to the racer from whose possession the car was ultimately recovered.

We hold this evidence to be sufficient to allow reasonable persons to find beyond a reasonable doubt that defendant was in possession in Missouri on May 10, and in Kansas on April 8, of a car stolen in Kansas on March 30. It is true, as defendant argumentatively stresses, that the evidence produced in support of proof that the car stolen and recovered nine months later was the same car that defendant was seen driving during the interim is clearly circumstantial in nature. But the totality of the evidence is of sufficient quality to extend well beyond the establishment of mere suspicion and need not negate every reasonable hypothesis other than that of guilt. United States v. Engle, 10 Cir., 429 F.2d 1325 and cases cited. Defendant's admission that after the May 10th chase he delivered that car to True-

 

love to be destroyed fits well within the evidentiary pattern and lends strength both to the existence of his guilty knowledge and to his possession of the actual car stolen and recovered.

Affirmed.