**UNITED STATES of America, Plaintiff,**

**v.**

**James John TAKACS, Defendant.**

**Crim. No. 72–176.**

United States District Court, W. D. Oklahoma, Criminal Division.

July 12, 1972.

John E. Green, Jerry Cord Wilson, Asst. U. S. Attys., Oklahoma City, Okl., for plaintiff.

Robert Petrick, Oklahoma City, Okl., for defendant.

## ORDER OF CONVICTION

DAUGHERTY, District Judge.

The Defendant James John Takacs is charged by an Information with violating 18 U.S.C. § 1701,[1] a petty offense. He is accused of knowingly and willfully obstructing or retarding the passage of mail with intent to delay the delivery of nine sealed letters being conveyed by mail.

It was stipulated as evidence herein that the nine letters were mailed on May 1, 1972 by their respective senders by being placed in a mail collection box located at the intersection of Northwest 21st Street and North Hudson Avenue in Oklahoma City, Oklahoma and that all nine letters were thereafter found in the Defendant's trash container in his room.

The evidentiary hearing developed a conflict as to precisely where the Defendant took possession of the nine let-

---

1. 18 U.S.C. § 1701 provides:
 " § 1701. Obstruction of mails generally
 Whoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined not more than $100 or imprisoned not more than six months, or both."

ters. One version, attributable to a voluntary statement of the Defendant to an agent of the United States, was that he took possession of the same on the evening of May 1, 1972 or early morning of May 2, 1972 from their location on the ground under a United States mail collection box situated at the intersection of Northwest 21st Street and North Hudson Avenue in Oklahoma City, Oklahoma. The other version, from the testimony of the Defendant at the trial, was that he took possession of the same on the evening of May 1, 1972 or early morning of May 2, 1972 from their locations on the ground where they were scattered about at the above intersection. Defendant acknowledged that there was a mail collection box at the said intersection and that the letters were near such box but were scattered over the ground. From the evidence, the Court finds and concludes that the first version set out above is true and correct even though the Court would find a violation of the Statute involved under either version. The Defendant acknowledged that after taking possession of the nine letters he opened the same, found some checks in the same, and threw the nine envelopes in his wastebasket. He further testified that he was curious as to what was in the nine letters, that he started to put them in the collection box but was afraid he would get in trouble if he did so. He further testified that he did not know the nine letters were mail and that he did not look at the stamps. The nine letters are in evidence and reveal that all were addressed letters with return addresses, with postage stamps affixed which had not been cancelled. The Defendant has one prior conviction in Connecticut in which case he was represented by an attorney. The Court limits consideration of this conviction to the matter of Defendant's credibility as a witness in this case.

 It is Defendant's contention and defense herein that under either factual version as outlined above there is not a violation of the above statute. The essential elements of the offense, as applied to this case, each of which the Government must establish beyond a reasonable doubt, are:

1. The letters involved being in the passage of the mail.

2. Act or acts of the Defendant which obstructed or retarded such passage of the mail.

3. Defendant doing such act or acts knowingly and willfully.

 No case has been found in which the term "passage of the mail" as used in 18 U.S.C. § 1701 has been defined, construed or interpreted. However, long ago in considering a similar Statute employing the same term it was defined to mean the transmission of mail matter from the time the same is deposited in a place designated by law or by the rules of the post office department up to the time the same is delivered to the person to whom it is addressed. United States v. Claypool, 14 F. 127 (W.D. Mo. 1882). The Court accepts this early definition of the term "passage of the mail" as being within the intention of Congress in using such language in 18 U.S.C. § 1701 when such Statute was thereafter enacted. Applying this construction of the term "passage of the mail" to the above facts of this case brings forth the finding and conclusion that the nine letters involved herein were in the "passage of the mail" when the Defendant took possession thereof. They had been deposited in the mail and had not been delivered to the addressees when Defendant took possession thereof.

 Next, the acts of the Defendant in taking said nine letters and opening the same, removing the contents thereof and throwing the envelopes in his wastebasket clearly amounts to obstructing or retarding the passage of the nine letters in the mail. Also the Court finds from the evidence that the Defendant committed said acts knowingly in that he did the same voluntarily and intentionally and not because of mistake, accident or other innocent reason and willfully in that he did the same

voluntarily and intentionally and with the specific intent to disobey and disregard the law with bad purpose.

Accordingly, under the evidence and the law the Court finds the Defendant guilty as charged beyond a reasonable doubt and that sentence should be imposed by the Court within the limits prescribed by law.