**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Wayne C. FLEMING, Defendant-Appellant.**

**No. 73–1002.**

United States Court of Appeals, Tenth Circuit.

Submitted April 16, 1973.

Decided April 23, 1973.

Thomas A. Williams, Enid, Okl., for defendant-appellant.

William R. Burkett, U. S. Atty. and John E. Green, Asst. U. S. Atty., for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

Pursuant to 18 U.S.C. § 3401, Wayne C. Fleming, the appellant, waived his

right to be tried before a judge of the district court and consented to a trial before a United States Magistrate for the Western District of Oklahoma. He was convicted on an indictment charging violation of 18 U.S.C. § 1701 (obstruction of mails).

An appeal was taken to the district court where the conviction was affirmed, and Fleming now appeals to this Court. The sole issue presented for our review is the contention that the Government failed to establish the elements of the crime, specifically that there was no showing that the mail items were knowingly and willfully discarded with an intent to obstruct delivery.

Fleming was officially employed as a mail carrier for the United States Postal Service in Norman, Oklahoma. He was charged with knowingly and willfully obstructing and retarding the passage of mail in that he did throw away and discard thirty-three (33) pieces of third class mail (circulars from Zales Jewelers) addressed to customers on his mail route in Norman, Oklahoma, on September 26, 1972. A summary of the evidence adduced before the Magistrate is attached as an appendix to this opinion.

The elements of the offense are (1) obstructing or retarding (2) the passage of mail (3) willfully and knowingly. United States v. Takacs, 344 F. Supp. 947 (W.D.Okl.1972). See also United States v. Claypool, 14 F. 127 (W.D.Mo.1882). Passage of the mail means the transmission of mail matter from the time of placing in an official depository to the time of delivery to the addressee. United States v. Claypool, supra. This element is clearly established as are Fleming's acts that obstructed or retarded the passage of the circulars, as he acknowledges.

The basic argument is that Fleming did not know that discarding the circulars was improper since he had never had any training sessions nor had he ever seen a copy of the "City Carrier's Instruction Handbook". This argument is somewhat inconsistent with his written statement to postal inspectors.[1] The issue of criminal intent is a factual question seldom provable by direct evidence but may be inferred from all the facts and circumstances of a case which reasonably tend to show a mental attitude. See United States v. Tasher, 453 F.2d 244 (10th Cir. 1972); United States v. Ebey, 424 F.2d 376 (10th Cir. 1970); United States v. Mecham, 422 F.2d 838 (10th Cir. 1970). We are satisfied that Fleming willfully and knowingly obstructed or retarded the passage of mail.

Affirmed.

## APPENDIX

### WITNESSES FOR THE UNITED STATES AND THEIR TESTIMONY

#### JERRY CADE, FOREMAN OF DELIVERY, NORMAN POST OFFICE:

He schedules employees and supervises them. On September 26, 1972, the defendant was scheduled to serve City Route #5 in Norman, Oklahoma. Around 9:00 a. m., Mr. Cade found in trash can near defendant's working area mail for City Route #5, which he identified as Zales' Circulars (Pl. Exs. 1 and 2). If mail is not deliverable, carrier is to endorse and place in throw-back case provided for carrier. Carrier is not authorized to throw any mail in trash basket.

#### WALLACE E. PUGSLEY, JR., POSTAL INSPECTOR, OKLA. CITY:

Mr. Pugsley identified statement of defendant (Pl. Ex. 3). He testified Pl. Ex. 1 contains 33 Zales' Circulars with

---

1. " . . . I realize that I was derelict in my duties that in failing to ascertain mail discarded was not closely examined to insure that mail containing good addresses was not discarded. I was also derelict in not lining out the addresses as required by normal postal procedures." Government's Exhibit No. 3.

good addresses on Route 5, and that Pl. Ex. 2 contains 50 Zales' Circulars with addresses on Route 5 for persons who defendant claimed had moved. These were not properly endorsed by defendant.

### C. E. WELCH, POSTAL INSPECTOR:

He had observed trash basket on September 25 and there were no Zales' Circulars in it. Defendant told him he placed the Zales' Circulars in trash basket on September 26.

### WITNESSES FOR THE DEFENSE AND THEIR TESTIMONY

### JAMES A. BRUEL, MAIL CARRIER, NORMAN, OKLAHOMA:

Sometimes the throw-back case gets full and material spills on floor. Carrier is not authorized to throw away mail—only the supervisor.

### JAMES BRANN, MAIL CARRIER, NORMAN, OKLAHOMA:

The procedures concerning throw-back mail have not been strictly enforced in the Norman Post Office. The throw-back cases do get full and overflow onto the floor. On September 26, he put his Zales' Circulars which were not deliverable in the throw-back case and not the trash basket. He had never seen any carrier · place mail in the trash basket without checking with supervisor.

### JOHN WOMACK, POSTAL CLERK AT NORMAN, OKLAHOMA:

He testified he had observed the throw-back cases overflowing but has never seen or heard of a carrier throwing mail into trash cans. He did not consider the Norman Post Office a good operation.

### WAYNE C. FLEMING, DEFENDANT:

He put Zales' Circulars which he considered undeliverable in the trash can. If some with good addresses were thrown away, it was unintentional. On September 26, he had coverage of Zales' Circulars for everybody on route—approximately 500–600. Although he has been the carrier for three years, he has never had any training sessions. He does not have the Carrier's Handbook (Pl. Ex. 4), and has never seen a copy.