UNITED STATES of America, Plaintiff,

v.

Michael R. DEL MONTE, Defendant.

Crim. No. 78–00483–C.

United States District Court,
D. Massachusetts.

May 21, 1979.

John W. Laymon, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Stephen R. Domesick, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This matter came before the court for hearing on an appeal from an order of the United States Magistrate denying portions of defendant's motion for discovery and on defendant's motion to dismiss the information. Del Monte was charged in a criminal information with retarding the passage of mail in violation of 18 U.S.C. § 1701.

Defendant seeks to have the information dismissed on the ground that the piece of mail alleged to have been retarded is nonmailable matter, and therefore, defendant contends, the information does not set forth facts sufficient to constitute an offense against the United States. He also challenges the information on the basis that it fails to allege any actual delay or retardation of the mail.

■ On a motion to dismiss, an information must be tested by its sufficiency to charge an offense. *See United States v. Sampson*, 371 U.S. 75, 76, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962). The elements of 18 U.S.C. § 1701 are (1) retarding (2) the passage of mail (3) willfully and knowingly. *United States v. Fleming*, 479 F.2d 56, 57 (10th Cir. 1973). *See also, United States v. Lavin*, 567 F.2d 579, 581 (3rd Cir. 1977); *United States v. Takacs*, 344 F.Supp. 947 (W.D.Okl.1972). Here, the information charged that the defendant did "knowingly and willfully retard the passage of mail, to wit: he retarded the passage of a piece of mail addressed to William W. Award, 325 East Street, South Hadley, Massachusetts" in violation of 18 U.S.C. § 1701. Upon consideration of the requisite elements of 18 U.S.C. § 1701 and the information, I rule that the allegations in the information, if proved, would show that a willful and knowing retardation of the passage of mail had in fact occurred.

Defendant urges this court to consider on a Fed.R.Crim.P. 12(b) motion to dismiss that the item retarded was not mail and thus was never in the passage of mail. He predicates this contention on 39 U.S.C. § 3001(a) which declares that "[m]atter the deposit of which in the mails is punishable under section . . . 1461 . . . of Title 18 . . . is nonmailable" and 39 U.S.C. § 3001(b) which authorizes the disposal thereof and on 18 U.S.C. § 1461 which also declares obscene materials to be nonmailable and proscribes the mailing thereof. In addition, defendant bases his argument on another part of 18 U.S.C. § 1461 which declares that nonmailable matter shall not be conveyed in the mails. Simply put defendant seeks a ruling that a piece of mail determined to be obscene and therefore rendered nonmailable under 39 U.S.C. § 3001(a) and 18 U.S.C. § 1461 cannot provide a basis for a prosecution under 18 U.S.C. § 1701.

Defendant presents a novel claim, analogous to the impossibility defense raised in the law of criminal attempt. Resolution of this question at this juncture of the case is premature. I cannot now dismiss the information on the defense's prediction that it will show that the piece of mail alleged to have been retarded was obscene and therefore not in the passage of mail. Fed.R. Crim.P. 12(b) provides "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." In *United States v. Covington*, 395 U.S. 57, 60, 89 S.Ct. 1559, 1561, 23 L.Ed.2d 94 (1969), the Supreme Court stated that "[a] defense is thus 'capable of determination' if the trial of facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."

Here, the defense's claimed infirmity in the prosecution involves initially determination of facts surrounding the alleged offense which should be developed at trial. The government will have to prove as part of its case that the subject item was in the passage of mail. That phrase has been construed to mean "the transmission of mail matter from the time the same is deposited in a place designated by law or by the rules of the post office department up to the time the same is delivered to the person to whom it is addressed. *U. S. v. Claypool*, 14 F. 127 (W.D.Mo.1882)." *United States v. Takacs, supra*. *Accord, United States v. Lavin, supra* at 581; *United States v. Fleming, supra*. The government neither concedes that the piece of mail is obscene nor that even if it were it could not be mail matter. The government has not briefed this issue. However, in support of its position, the government presumably argues that the question of obscenity is for the trier of fact, *Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and that until a letter deposited in

the mail is otherwise determined to be non-mailable matter it remains in the passage of mail. The government may further argue as it alleged in the criminal complaint that the subject item was a first class letter which under 39 U.S.C. § 3623(d) is sealed against inspection except under the authority of a search warrant. At any rate, it is clear that important factual questions remain unresolved. Consequently, this court is precluded by Rule 12(b) from reaching at this juncture the question raised in Del Monte's defense. Accordingly, defendant's motion to dismiss is denied.

In his appeal from the magistrate's order, the defendant requests information relative to (1) the prosecution of House One., Inc., the sender of the subject piece of mail, (2) the prosecution of other past and present United States Postal Service employees and (3) the preservation of the subject piece of mail. Upon review of the record and consideration of argument of counsel, I find there to be no error of law by the magistrate in denying the portion of defendant's discovery motion relative to the foregoing requests. 28 U.S.C. § 636(b)(1)(A).

■ Defendant appears to urge that his prosecution is related to his union activity. However, absent a showing that others similarly situated have not been generally prosecuted or that the government's prosecution of him is based on his exercise of constitutional rights, *United States v. Murdock*, 548 F.2d 599, 600 (5th Cir. 1977), defendant is not entitled under Fed.R.Crim.P. 16 to internal documents which do not come within Rule 16(1)(A), (B) and (D) nor is he entitled to information relative to prosecution of third persons.

■ Because there was a short delay between the alleged act and time at which the United States Attorney received the subject piece of mail, defendant conjectures that the evidence is not secure. Defendant's attorney, however has inspected the subject piece of mail and concedes that it is now in the custody of the United States Attorney. Absent a claim that the government is about to destroy, conceal or alter the evidence, *see, United States v. Leichtfuss*, 331

F.Supp. 723, 737 (N.D.Ill.1971), I find no merit in this discovery request. For the foregoing reasons, the magistrate's order denying portions of defendant's discovery motion is affirmed.