### UNITED STATES of America

v.

### Cathy SCARBOROUGH.

### Magistrate's Docket No. 79–470.

United States District Court,
E. D. Pennsylvania.

Sept. 26, 1980.

Michael von Moschzisker, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U. S. Atty., Jeffery W. Whitt, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

### MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The defendant, Cathy Scarborough, was convicted of obstruction of the mails, in violation of 18 U.S.C.A. § 1701, by Magistrate Scuderi after she waived her right to be tried by a district court judge or by a jury. She appealed the judgment of conviction to this Court under Magistrate's Rule 7(b),[1] and asserts as her sole ground of appeal that the Magistrate should not have denied her motion for judgment of acquittal. For the reasons hereinafter set forth, the defendant's judgment of conviction will be affirmed.

As previously stated, the defendant was tried and convicted under 18 U.S.C.A. § 1701, which provides:

> Whoever, knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined not more than $100 or imprisoned not more than six months, or both.

The elements of this offense are: (1) obstructing or retarding; (2) the passage of mail; and (3) willfully and knowingly.

---

1. This case was tried before Magistrate Scuderi on February 28, 1980, and an appeal was timely filed within ten (10) days after the defendant's conviction. *See* Magistrate's Rule 7(b). The new Magistrate's Act, 18 U.S.C.A. § 3401, went into effect on June 1, 1980, but the new Act did not change the rules concerning the taking of an appeal to this Court from a judgment of conviction by a magistrate or the scope of review to be applied by this Court in such a case. *See* 1971 Rules of Procedure for the Trial of Minor Offenses Before United States Magistrates 8(a), 8(d).

*United States v. Fleming*, 479 F.2d 56 (10th Cir. 1973).

■ Rule 29 of the Federal Rules of Criminal Procedure states that a court

shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

At the end of the trial, Magistrate Scuderi denied the motion of the defendant for judgment of acquittal, and the defendant contends on appeal that this motion should have been granted on the basis that there was insufficient evidence to sustain her conviction. Magistrate's Rule 7(e) prescribes the scope of appeal by this Court. It states:

Scope of Appeal. The defendant shall not be entitled to a trial *de novo* by a judge of the district court. The scope of appeal shall be the same as on an appeal from a judgment of a district court to a court of appeals.

Pursuant to Rule 7(e), we must apply the standard that a court of appeals uses in deciding an appeal from a district court's denial of a motion for judgment of acquittal. Accordingly, we shall apply the standard used by our Third Circuit Court of Appeals in *United States v. United States Gypsum Co.*, 600 F.2d 414, 416–17 (3d Cir.), *cert. denied*, 444 U.S. 884, 100 S.Ct. 175, 62 L.Ed.2d 114 (1979), and

we must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the . . . decision. *Burks v. United States*, [437 U.S. 1, 17,] 98 S.Ct. 2141 [57 L.Ed.2d 1] (1978); *Glasser v. United States*, [315 U.S. 60, 80,] 62 S.Ct. 457 [, 86 L.Ed. 680] (1942).[2]

In applying this standard, the appellate court does not weigh the evidence or determine the credibility of witnesses. *United States v. Bycer*, 593 F.2d 549 (3d Cir. 1979).

The evidence at trial showed the following: The defendant was an employee of the United States Post Office at the time in question, and worked in the Rewrap Section of the Post Office. This section receives parcels which have been damaged in the United States mail, and is responsible for rewrapping these damaged parcels by placing them in new cartons or durable two–ply bags known as "jiffy bags." After a parcel is rewrapped, it is stamped "Repaired in Philadelphia BMC" (Bulk Mail Center). This section also sends out notices to other departments of the Post Office when a package is lost or there are no contents inside a package.

The defendant worked on the shift which commenced at 8:30 p. m. on November 6, 1979 and ended at 5:00 a. m. on November 7, 1979. Her assignment during this shift was to send out notices regarding packages that were lost or devoid of contents, and she was not assigned to rewrap damaged packages.

On November 8, a postal employee who had been told by his supervisor "to look for anything suspicious in the mail" noticed a package in a large container in the Rewrap Section. Packages were placed in this container after they had been rewrapped by the workers in the Rewrap Section and were ready to again be sent through the delivery channels of the United States Mail. The package observed by the postal employee, which was introduced into evidence at the defendant's trial, was a "jiffy bag" containing a set of new books published and sold by Times Mirror Magazines, Inc. (Times Mirror). The cardboard casing containing the books had been damaged. It was stipulated at trial that the name and address of the addressee on the jiffy bag were in the defendant's handwriting, and

---

2. In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court held that a habeas corpus applicant who alleged that there was insufficient evidence in the state court trial to sustain his conviction was entitled to habeas corpus relief if it is found that upon the record evidence adduced at the

trial that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Id.* 99 S.Ct. at 2792.

The *Jackson* Court pointed out that *Glasser, supra,* "has universally been understood as a case applying the criterion." 99 S.Ct. at 2789 n. 12.

read "V. Martin, 2559 N. 30th St., Phila., Pa. 19132." The postal employee who noticed this package testified that it looked suspicious because the package did not have a "Repaired in Philadelphia BMC" stamp affixed to it, and because packages that are rewrapped by the Rewrap Section are not readdressed by printing on the jiffy bag, but rather by the use of labels which also state that postage has been prepaid.

Ms. Vanessa Martin, who lives at the address written on the jiffy bag, testified that she has been a friend of the defendant for five or six years and that she received the package which was introduced into evidence in the mail on November 13, 1979. She also testified that she never ordered the books from Times Mirror, that she did not know of anyone who had ordered the books for her, and that she did not expect to receive the books in the mail.[3] On November 13, the defendant and Ms. Martin lived approximately one block from each other.

Mr. Handwerk, the business manager of Times Mirror who is responsible for the maintenance of records concerning the book sales of the company, testified that Times Mirror maintains extensive records of all of its book sales, and that the only way to purchase the set of books in question is through a book club or by direct mail order. In either event Times Mirror would have a record of the sale. Mr. Handwerk stated that there was no record at Times Mirror of a sale to a Vanessa Martin at the address listed on the jiffy bag.

The evidence in the record, when viewed in a light most favorable to the Government, is sufficient to sustain the defendant's conviction. There is no doubt that the defendant addressed the jiffy bag containing the Times Mirror books to Ms. Martin.

Ms. Martin testified that she did not order the books and did not know of anyone who had ordered the books for her. She also testified that she was a close friend of the defendant and that her home was about one city block from the defendant's residence.

■ The defendant worked in the Rewrap Section. The cardboard casing containing the books had been damaged, and the books were found in a jiffy bag of the type used by the Post Office in the Rewrap Section. The jiffy bag containing the books was first observed in a container in the Rewrap Section, and the rewrapping of the package was not in conformity with post office procedures because: (1) there was no stamp on the package that it had been repaired in the Philadelphia Bulk Mail Center; (2) there was no label that postage had been prepaid; and (3) rewrapped packages are supposed to be readdressed by using a label, but the jiffy bag containing the package of books was readdressed by printed handwriting which the defendant admitted was her writing. This circumstantial evidence, and other record evidence, when viewed in a light most favorable to the Government, was sufficient for the fact finder to reasonably conclude that the package containing the books had been damaged in the mail and had been placed in the Rewrap Section for the purpose of rewrapping, that the defendant placed the package in a jiffy bag while working in the Rewrap Section, and that she addressed the package to her friend, Ms. Martin. This evidence was sufficient for the fact finder to find beyond a reasonable doubt that the defendant: (1) obstructed or retarded; (2) the passage of mail; and (3) did it willfully. These are the elements of the crime. *United States v. Fleming, supra.*

3. Ms. Martin gave a written statement to the postal inspectors on the day she received the package in the mail. This statement, which was signed by Ms. Martin, stated that the defendant had told her to expect this package in the mail, that she knew the package was for the defendant when it arrived at her home at 2559 N. 30th Street, that she knew the defendant had taken this package from the Post Office, and that she was going to inform the defendant that the package had arrived so that the defendant could obtain it from her. At trial, the magistrate refused to admit this statement as substantive evidence, but permitted its use for the sole purpose of attacking the credibility of Ms. Martin. Neither party contests the propriety of this ruling on appeal. The Court has not considered this statement in making its determination as to whether there is sufficient evidence to uphold the defendant's conviction.

In challenging the sufficiency of the evidence the defendant presents two arguments. The first argument is that Mr. Handwerk testified that the records of Times Mirror show no sale of books to Vanessa Martin at the address indicated on the jiffy bag, and since the name on the jiffy bag is "V. Martin," there is no evidence that Times Mirror had not made a sale to "V. Martin" at the same address. However, the subpoena duces tecum served on Mr. Handwerk ordered that he produce "any and all records pertaining to Vanessa Martin or V. Martin, 2559 N. 30th Street, Philadelphia, Pennsylvania," and Mr. Handwerk testified (N.T. 40) that the files of Times Mirror were searched and no records were found in connection with the name and address provided in the subpoena duces tecum. This argument is further weakened by the testimony of Ms. Martin, who stated that she never ordered the books from Times Mirror and did not know of anyone who had ordered them for her.

The defendant's second argument is that there was no proof that the defendant did not legally acquire the books from Times Mirror or some other person and then mail these books to Ms. Martin. This argument is based on an alternative interpretation of the circumstantial evidence presented by the Government. As stated by our Third Circuit, the evidence presented in a criminal trial, whether direct or circumstantial,

> does not need to be inconsistent with every conclusion save that of guilt if it does establish a case from which the . . [fact finder] can find the defendant guilty beyond a reasonable doubt. *United States v. Cooper*, 567 F.2d 252, 254 (3d Cir. 1977); *United States v. Hamilton*, 457 F.2d 95 (3d Cir. 1972).

For the reasons hereinbefore stated, we conclude that the evidence presented by the Government proved all of the elements of the crime and established a case from which the fact finder could find the defendant guilty beyond a reasonable doubt. Accordingly, we will enter an order affirming the defendant's judgment of conviction.