**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ronnie C. DOUGLAS,**
**Defendant-Appellant.**

No. 80–2147.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 30, 1981.

Decided Jan. 4, 1982.

John E. Green, First Asst. U. S. Atty., Oklahoma City, Okl., (Larry D. Patton, U. S. Atty., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

Kenneth L. Buettner, Oklahoma City, Okl. (Robert H. Gilliland, Jr., Oklahoma City, Okl., of counsel; McAfee & Taft, a Professional Corp., Oklahoma City, Okl., with him on the brief), for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

By indictment Ronnie C. Douglas, the appellant, and Kendall Collins, Jr., were jointly charged with unlawfully possessing stolen mail matter, in violation of 18 U.S.C. § 1708 (1976).[1] Collins was also charged with uttering and publishing a stolen United States Treasury check, in violation of 18 U.S.C. § 495 (1976).[2] A jury trial resulted in the conviction of both Douglas and Collins on the possession charge. Douglas appeals his conviction and the sentence imposed thereon.

On appeal, Douglas urges three grounds for reversal: (1) that the trial court erred in denying Douglas' motion for acquittal interposed at the close of the Government's case; (2) that the evidence is insufficient to support a conviction under 18 U.S.C. § 1708; and (3) that the trial court erred in admitting the testimony of a Secret Service Agent regarding statements made by Douglas. We find no prejudicial error and therefore affirm.

This case involves the cashing of a stolen social security check. At the close of the evidence offered by the Government, Douglas moved for a judgment of acquittal under Fed.R.Crim.P. 29(a). That motion was denied. Thereafter, each of the defendants presented evidence in his own defense. Collins testified that he received the check from Douglas, and that he cashed the check for Douglas as a favor because Douglas had told him that he was too sick to cash the check himself. Collins further stated that at the time he cashed the check, he believed that Douglas was the payee named on the check. Collins was cross-examined by counsel for Douglas.

Douglas also testified in his own behalf. He indicated that he did not recall ever possessing, or even seeing, the check in

[1] 18 U.S.C. § 1708 (1976) provides in relevant part:

Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein; ... [s]hall be fined not more than $2,000 or imprisoned not more than five years, or both.

[2] 18 U.S.C. § 495 (1976) proscribes knowingly uttering or publishing any false or forged writing with intent to defraud the United States.

question. At the same time, Douglas attempted to explain how two of his fingerprints were found on the check. In addition, Douglas called three witnesses to rebut testimony given by the co-defendant, Collins, and to testify regarding Douglas' good character. At the conclusion of the presentation of evidence, Douglas did not renew his motion for acquittal.

As stated, Douglas first argues that the trial court committed reversible error when it failed to grant his motion for acquittal made at the close of the Government's case-in-chief. As a general rule, a defendant who presents evidence after his motion for acquittal has been denied is deemed to have waived any objection to such denial. We see no reason to depart from that rule in the instant case. *United States v. Lopez*, 576 F.2d 840, 842 (10th Cir. 1978); *Lucas v. United States*, 355 F.2d 245, 248 (10th Cir.), *cert. denied*, 384 U.S. 977, 86 S.Ct. 1873, 16 L.Ed.2d 687 (1966).

Douglas next contends that the evidence, even when viewed in a light most favorable to the Government, fails to establish a violation of 18 U.S.C. § 1708. In order to obtain a conviction under 18 U.S.C. § 1708, the prosecution must establish: (1) that the defendant had the contents of stolen mail in his possession; (2) that the mail had been stolen from a mail receptacle or mail route; and (3) that the defendant had knowledge that the letter and its contents were stolen. *United States v. Lynn*, 461 F.2d 759, 761 (10th Cir. 1972). Douglas argues that the prosecution in this case failed to prove the check was taken from a "mail receptacle" or "mail route."

The payee on the social security check was Donald Walton. Mr. Walton had recently moved his residence, and the check in question was delivered to the mailbox at his old address. The new occupant of Walton's former residence removed the envelope from the mailbox and later "clothes-

pinned" it, unopened, with the check inside, to a metal rod attached to the mailbox. The rod was a part of a rack designed to hold magazines. Subsequently, both the envelope and the check disappeared.

Because the check was not placed inside the mailbox proper, but instead was "clothes-pinned" to a rod attached to the mailbox, counsel asserts that the check could not have been stolen "from the mail" and hence does not come within the purview of 18 U.S.C. § 1708. We do not agree. In *United States v. White*, 510 F.2d 448 (10th Cir. 1975), we held that the statutory prohibition against taking a letter "from or out of a mail receptacle" included the act of a defendant who took a letter which was clipped by a clothes-pin to a mailbox lid. In so holding we noted that the mail theft statute should be interpreted broadly to effectuate a "manifest legislative intent to protect the mails." *Id.* at 450. In light of the rule favoring broad construction of 18 U.S.C. § 1708 enunciated in *White*, we conclude that the theft of an envelope clipped to a rod which is permanently attached to a mailbox falls within the purview of the statute.[3]

Douglas' final ground for reversal is that his "second" statement to the Secret Service Agent was obtained in violation of his *Miranda* rights. It is conceded that when the agent first talked to Douglas an adequate *Miranda* warning was given. On that occasion Douglas denied any involvement in the matter and stated he had never seen the check in question. After Douglas' fingerprints were found on the check, Douglas was again contacted by the agent. Counsel claims that on this second contact Douglas was not given a full *Miranda* warning, and such is urged as a ground for reversal on appeal. At the trial, however, no objection was made when the agent testified as to what Douglas said on this second contact. Moreover, on this second

---

**3.** In addition, we emphasize that even if we were to conclude, in contrast to the *White* case, that the rod attached to the mailbox was not a "mail receptacle," such a holding would not preclude a finding that the check was stolen from a "mail route." An item does not cease to be mail within the custody of the postal system until it is delivered to the proper addressee. *United States v. Fleming*, 479 F.2d 56, 57 (10th Cir. 1973).

**462**

occasion Douglas essentially stated what he had previously told the agent, namely, that he knew nothing about the check. Hence, his statements to the agent on both occasions were exculpatory and cumulative. When no contemporaneous objection is made at trial, a reviewing court will reverse only if there is plain error. Fed.R.Crim.P. 52. In the instant case, any possible error was only harmless error.

Judgment affirmed.