873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ray W. GILMORE, Defendant-Appellant.
 No. 88-5088.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1989.
Decided: April 4, 1989.
 
 John B. Mann (Levit & Mann), for appellant.
 Stephen Miller (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ray W. Gilmore was convicted of one count of possessing stolen mail in violation of 18 U.S.C. Sec. 1708. On appeal he contends that there was insufficient evidence to prove his guilt beyond a reasonable doubt. We disagree, and accordingly affirm the conviction.*
 
 
 2
 Ella Jackson wrote a check payable to the Ups and Downs store and put the check in a stamped, addressed envelope. She put the envelope in the mail box in her apartment building lobby to be picked up by the mail carrier. She noticed a man whom she later identified as Gilmore sitting on the front step of the building. She had seen him on several occasions in the past and recognized him. She testified that she noticed a tatoo on his right arm, and that he was wearing a light blue or grey t-shirt.
 
 
 3
 Later that day, Gilmore presented Jackson's check to an employee of Ups and Downs and requested that $50 of the balance be returned to him in cash. The employee, Rhonda Meade, who was also Jackson's sister-in-law, refused Gilmore's request. She rang up a receipt for the payment and asked Gilmore to sign it. He signed the name Clay Roberts and left. Meade identified Gilmore, and she also noticed a tatoo on his right arm but testified that she thought he was wearing a white t-shirt.
 
 
 4
 Gilmore was charged with possession of stolen mail. He waived his right to a jury and received a bench trial. In addition to Jackson and Meade, two postal inspectors testified at trial. One inspector, a fingerprint expert, testified that Gilmore's fingerprints were not on the check. He testified that this was not unusual, however, because some people do not leave fingerprints. Another postal inspector, a handwriting expert, testified that she was 99% certain that the handwriting on the receipt matched Gilmore's handwriting, but that she could not be 100% certain because she did not have a large enough sample of handwriting characteristics from the receipt.
 
 
 5
 Gilmore points out several gaps in the trial testimony which he contends create a reasonable doubt. First, Jackson and Meade only noticed a tatoo on his right arm, but at the time of trial Gilmore also had a tatoo and a scar on his left arm. Next, Jackson thought Gilmore was wearing a grey or light blue t-shirt, while Meade said he was wearing a white t-shirt. Finally, Jackson believed that she had most recently seen Gilmore five or six weeks before the incident when in fact he had been in prison for 12 weeks before the incident.
 
 
 6
 The standard of review in a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The elements of the offense here are:
 
 1) the appellant possessed
 
 7
 2) an item previously stolen from the mails or a repository for the mails; and
 
 
 8
 3) the appellant knew the item had been stolen.
 
 
 9
 United States v. Douglas, 668 F.2d 459, 461 (10th Cir.), cert. denied, 457 U.S. 1108 (1982); 18 U.S.C. Sec. 1708 (1952). Circumstantial evidence may be used to prove the elements of the offense. United States v. Bright, 517 F.2d 584, 587 (2d Cir.1975).
 
 
 10
 There was certainly enough evidence before the court to prove each of the elements beyond a reasonable doubt. The discrepancies pointed out by Gilmore are all easily explained; for example, he may have changed into a different t-shirt in the four hours between when the check was left in the mailbox and when he presented it to Meade. Because we believe that the evidence was sufficient to prove Gilmore's guilt beyond a reasonable doubt, we affirm.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The parties have waived oral argument