**UNITED STATES, Appellee,**

v.

**Rae J. FOX, Corporal, U.S. Marine Corps, Appellant.**

No. 98–0498.

Crim.App. No. 96–0361.

U.S. Court of Appeals for the Armed Forces.

Argued Jan. 13, 1999.

Decided June 25, 1999.

EFFRON, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, CRAWFORD, and GIERKE, JJ., joined.

For Appellant: *Captain Curtis M. Allen*, USMC (argued); *Lieutenant Syed N. Ahmad*, JAGC, USNR (on brief).

For Appellees: *Lieutenant James E. Grimes*, JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler*, USMC, and *Commander Eugene E. Irvin*, JAGC, USN (on brief); *Colonel Charles Wm. Dorman*, USMC, and *Commander D.H. Myers*, JAGC, USN.

Judge EFFRON delivered the opinion of the Court.

Appellant was tried by a special court-martial composed of military judge alone. In accordance with her pleas, she was convicted of forgery (2 specifications), and of stealing mail matter (1 specification), in violation of Articles 123 and 134, Uniform Code of Military Justice, 10 USC §§ 923 and 934, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 120 days, a fine of $1,600.00, and reduction to the lowest enlisted grade. The convening authority approved the sentence but, pursuant to a pretrial agreement, suspended all confinement for a period of 12 months. The Court of Criminal Appeals affirmed. 48 MJ 518 (1998).

■ On appellant's petition, we granted review of the following issue:

WHETHER MISADDRESSED MAIL IS MAIL MATTER FOR PURPOSES OF ARTICLE 134, UNIFORM CODE OF MILITARY JUSTICE.

We hold that the theft of misaddressed mail is included within the offense of stealing mail under Article 134 of the Uniform Code of Military Justice.

## I.  BACKGROUND

■ Appellant received an item of mail at her off-base residence. The address on the

envelope apparently listed appellant's place of residence, but the addressee on the envelope was a different person, Mr. David S. Cogdill.* According to appellant, she opened the envelope without realizing that it had been addressed to a different person, found a check made out to Mr. David S. Cogdill, and subsequently cashed the check.

Appellant was charged under Article 134 with theft of mail matter. The specification, to which she pleaded guilty, alleged that she wrongfully had stolen "certain mail matter," that is, a check "addressed to David S. COGDILL, before said check was delivered to the addressee." Appellant asks us to hold that her activity did not constitute theft of mail matter, contending that as a matter of law an item in the mail loses its quality as "mail matter" once it is delivered to the place listed on the envelope, even if the named addressee is not located at that place. We disagree with appellant's view of the law.

## II. DISCUSSION

Appellant was charged with violating Article 134, which contains three clauses proscribing three classes of offenses: (1) "disorders and neglects to the prejudice of good order and discipline in the armed forces"; "(2) conduct of a nature to bring discredit upon the armed forces"; and (3) certain "noncapital crimes" and offenses arising under federal law. *See* para. 60c(1), Part IV, Manual for Courts–Martial, United States (1998 edition). The President, in the Manual for Courts–Martial (para. 93), has set forth a specific offense under clauses (1) and (2) entitled "Mail: taking, opening, secreting, destroying, or stealing." *See generally Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).

With respect to the present appeal, the pertinent element of the offense is that "the mail matter was ... stolen by the accused before it was delivered to or received by the addressee." Para. 93b(2)(c). Under this provision, "mail matter" is defined as "any matter deposited in a postal system of any government or any authorized depository thereof or in official mail channels of the United States or an agency thereof including the armed forces." Para. 93c.

On appeal, appellant contends that because the envelope was addressed to her residence, it ceased to be "mail matter" once the postal service delivered it to her house. Appellant's contention relies upon the mail theft statute under the federal criminal code, 18 USC § 1708, which provides:

Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein;

* * *

Shall be fined under this title or imprisoned not more than five years, or both.

As noted by appellant, there is a split among the federal circuits as to how this statute should be interpreted. Several courts have interpreted the legislation as drawing a distinction between "misaddressed" and "misdelivered" mail, holding that where the sender places the name of a third person on the envelope but uses the defendant's address, the item ceases to be "mail matter" once it has been delivered to the place listed on the envelope, even if the addressee is not at that address. *See, e.g., United States v. Lavin,* 567 F.2d 579, 581 n. 6 (3d Cir.1977); *United States v. Anton,* 547 F.2d 493, 495 (9th Cir.1976); and *United States v. Davis,* 461 F.2d 83, 88–89 (5th Cir.), *cert. denied,* 409 U.S. 921, 93 S.Ct. 250, 34 L.Ed.2d 180 (1972). Under that view, although it is permissible to prosecute a defendant for stealing from a letter addressed to another location that has been misdelivered to the defendant's address, a defendant cannot be prosecuted for stealing from an envelope that contains the defendant's address,

* *See* 48 MJ 518, 520 n. 2.

even if a third party is the named addressee. Other circuits have taken the view that a person may be prosecuted for mail theft for stealing mail addressed to another person, regardless whether it is misdelivered or misaddressed. *See, e.g., United States v. Palmer,* 864 F.2d 524 (7th Cir.1988), *cert. denied,* 490 U.S. 1110, 109 S.Ct. 3166, 104 L.Ed.2d 1029 (1989); *United States v. Douglas,* 668 F.2d 459 (10th Cir.), *cert. denied,* 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982).

As tempting as it may be to join the fray and add our voice to the dispute among the circuits, it is unnecessary for us to do so. Although cases interpreting the federal criminal code and state statutes may provide useful guidance when civilian and military offenses employ similar terminology, this is not such a case.

Appellant was charged with mail theft under a provision of the Manual that makes it an offense to steal an item "before it was delivered to or received by the addressee." No such language appears in 18 USC § 1708. *Cf.* 18 USC § 1702. Whether the absence of such language should be interpreted as limiting the scope of § 1708 is a matter we need not address in the absence of a prosecution in our jurisdiction under that statute.

The President could have omitted any reference to mail theft in the Manual for Courts–Martial, relying entirely on the third clause of Article 134 to incorporate 18 USC § 1708. The Manual, however, reflects the President's decision not to depend on title 18, but to delineate a separate offense in the Manual for Courts–Martial applicable to members of the armed forces. Under the provision in the Manual, the offense of mail theft applies from the point that an item is "deposited in a postal system" until it is "delivered to or received by the addressee." Para. 93c and b(2)(c); *see* Drafters' Analysis, Manual, *supra* at A23–20 (citing *United States v. Manausa,* 12 USCMA 37, 30 CMR 37 (1960)).

Appellant acknowledged in the providence inquiry that she received an item of mail on which another person was the named addressee and that she stole material from that item of mail before it was delivered to the addressee. Under those circumstances, we hold that she providently pleaded guilty to the offense of stealing mail as set out in the Manual for Courts–Martial.

## III. DECISION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.