**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ZACHARY CLARKSON,

    Defendant-Appellant.

No. 07-6086

(D.C. No. CR-06-155-HE)
(W. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

---

Defendant Zachary Clarkson appeals his convictions for conspiracy to commit

access device fraud, in violation of 18 U.S.C. § 371; aggravated identity theft, in violation

of 18 U.S.C. § 1028A(a)(1); and possession of stolen mail, in violation of 18 U.S.C. §

1708. After briefing in this appeal was complete, the government filed a motion for

remand conceding that, in light of this court's recent decision in United States v. Tatum,

518 F.3d 769 (10th Cir. 2008), Clarkson was not properly charged with conspiracy to

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

commit access device fraud or aggravated identity theft. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we reverse Clarkson's conviction for possession of stolen mail, grant the government's motion to remand, and remand this case to the district court with directions to vacate all of Clarkson's convictions and dismiss the case against him.

I.

In February 2005, the Warr Acres (Oklahoma) Police Department notified the United States Secret Service that they had arrested a woman named Lara Hall for driving under a suspended license and, during an inventory of her vehicle, found what appeared to be materials sufficient to conduct a counterfeit check operation. Secret Service agents initiated an investigation and confirmed that Hall, who was a methamphetamine user, and a loosely-knit group of other methamphetamine users were producing counterfeit checks and identification cards and in turn cashing the counterfeit checks at local stores. The information used by the group to produce the counterfeit checks and identification cards was obtained from various sources, including discarded materials found by group members in bank trash dumpsters. On four occasions during the course of their investigation, Secret Service agents seized counterfeiting equipment and materials from different locations, including two Oklahoma City motels, an Oklahoma City residence, and a stolen vehicle driven by defendant Clarkson. Secret Service agents also seized counterfeiting-related materials from an Oklahoma City commercial storage unit rented by defendant Clarkson's mother, Paula Aduddell. By the end of their investigation, Secret Service agents had seized from the members of the group over seven hundred

2

counterfeit checks totaling over $300,000.00. Further, Secret Service agents identified approximately seventy-nine victims who either suffered direct financial loss as a result of the group's actions or who had their identities, mail, and account numbers stolen by group members.

On June 21, 2006, a federal grand jury returned a fourteen-count indictment charging nine defendants, including Aduddell and Clarkson, with various crimes related to the counterfeiting operation. In particular, Count 1 of the indictment charged all nine defendants with conspiring to produce, use, and traffic in one or more counterfeit access devices, in violation of 18 U.S.C. §§ 1029(a)(1) and (b)(1). Count 10 charged Clarkson and Aduddell with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), arising out of their knowing and unlawful possession of six Social Security Cards, five credit cards, and four counterfeit identification documents, during and in relation to the charged conspiracy. Count 11 charged defendants Clarkson and Aduddell with possession of stolen mail, in violation of 18 U.S.C. § 1708.

Six of the named defendants pled guilty. Clarkson, Aduddell, and codefendant Victor Steaveson were jointly tried on October 18-19, 2006. The government presented, as part of its case-in-chief, testimony from four of the defendants who pled guilty. At the conclusion of the evidence, the jury found Clarkson guilty as charged in the indictment. On April 5, 2007, the district court sentenced Clarkson to a term of imprisonment of fifty-one months.

II.

3

On March 3, 2008, this court issued its decision in <u>Tatum</u>, holding that counterfeit checks and account numbers printed on counterfeit checks are not "access devices" within the meaning of that term as defined in 18 U.S.C. § 1029(e)(1). 518 F.3d at 772-73. The United States has now filed a motion conceding that, in light of <u>Tatum</u>, Clarkson was not properly charged with conspiracy to commit access device fraud or aggravated identity theft. Specifically, the government concedes "that since counterfeit checks are not access devices for purposes of 18 U.S.C. § 1029, Clarkson should not have been charged with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371 and such charge could not be a predicate offense for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1)." Motion for Remand at 2. The United States by its motion seeks a remand of Clarkson's case with directions to the district court to vacate the conspiracy to commit device fraud and aggravated identity theft convictions. After examining the record on appeal in this case, we agree with the government that Clarkson was not properly charged with conspiracy to commit access device fraud or aggravated identity theft. Accordingly, we grant the government's motion and remand this case with directions to the district court to vacate those two convictions.

III.

Because the decision in <u>Tatum</u> does not impact Clarkson's conviction for possession of stolen mail, we must address Clarkson's assertion that the evidence presented at trial was insufficient to support that conviction. "Whether the government presented sufficient evidence to support a conviction is a legal question we review de

4

novo." United States v. Hernandez, 509 F.3d 1290, 1295 (10th Cir. 2007) (internal quotation marks omitted). In analyzing a sufficiency of evidence question, we "consider the record in the light most favorable to the government to determine whether a reasonable jury could find guilt beyond a reasonable doubt, based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom." Id. (internal quotation marks omitted). We will reverse "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks omitted).

Count 11 of the indictment in this case alleged that on or about August 9, 2005, Clarkson and Aduddell unlawfully possessed, in violation of 18 U.S.C. § 1708, "a stolen notice from the Internal Revenue Service . . . to a person whose initials are K.B." and who was later identified at trial as Kendall Bowden, "which notice had been stolen, taken and embezzled from the mail, and the defendants possessed [this] notice in a storage unit knowing it had been stolen . . . ." ROA, Doc. 1 at 10-11. In order to convict Clarkson of Count 11, the government was required to establish: (1) that he possessed the stolen mail; (2) that the mail had, in fact, been stolen; and (3) that he knew the mail was stolen. United States v. Douglas, 668 F.2d 459, 461 (10th Cir. 1982).

Clarkson argues, and we agree, that the government failed to establish the first of these elements, i.e., possession. Judy Mikes, the property manager of the commercial storage unit where the item of stolen mail was recovered by law enforcement, testified that she rented the storage unit to Aduddell. Although Mikes testified that Aduddell

5

completed an "occupant information sheet" listing Clarkson as having authority to the unit, she admitted that Aduddell was the only individual she was authorized to let in, and that the only way Clarkson could gain access to the unit was if Aduddell gave him the access code and key. Notably, there was no competent evidence, circumstantial or otherwise, from which a jury could reasonably conclude that Aduddell ever did so. Thus, we conclude the government's evidence was insufficient to allow the jury to find that Clarkson had actual or constructive possession of the item of stolen mail found by law enforcement officials in the storage unit.[1]

We REVERSE Clarkson's conviction for possession of stolen mail, GRANT the government's motion for remand, and REMAND this case to the district court with directions to VACATE Clarkson's convictions and DISMISS the case against him.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[1] We find it unnecessary to address the other issues raised by Clarkson on appeal.